IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MIGUEL ROJAS JR., <br> TDCJ No. 00925404, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | Civil Action No. 7:17-cv-00023-O-BP |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Miguel Rojas, Jr., an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. This Petition was referred to the undersigned pursuant to Special Order No. 3-251 on February 28, 2017.

**I.     Motion for Leave to Proceed *In Forma Pauperis***

Petitioner's six-month inmate trust account statement reflects a current balance of $176.72, with deposits over the past six months totaling $750.00. ECF No. 4 at 3. Petitioner's average six month balance far exceeds the IFP threshold. *See* Miscellaneous Order No. 6, Rule 2(a)(4)(a)(i). Accordingly, the undersigned found that Petitioner had not demonstrated that he lacked the financial ability to pay the filing fee without suffering undue hardship and ordered Petitioner to pay the required $5 filing fee. ECF No. 6. In accordance with the Court's prior Order directing payment of the filing fee, Petitioner paid the $5 filing fee on March 31, 2017. ECF No. 11.

Therefore, the undersigned RECOMMENDS that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4) be DENIED as moot.

## II.   Writ of Habeas Corpus

Rojas challenges the validity of disciplinary action no. 20170050013, which was taken against him at the Allred Unit in Iowa Park, Texas for the offense of masturbation in public. *See* ECF No. 1 at 5. Rojas states that the disciplinary case resulted in a loss of 45 earned good-time days, 45 day restriction of commissary, suspension of contact visits, and reduction in line class from Line 1 to Line 3. *Id.* In support of his petition, he claims that (1) he was subjected to cruel and unusual punishment because the Allred staff fabricated a case against him, (2) his procedural due process was violated by the Allred staff's refusal to allow him to review the security camera footage of the incident, (3) the counsel substitutes falsified the video footage findings and refused to properly investigate the case, and (4) he was denied equal protection when he contacted proper authorities and requested protection. *Id.* at 6-7.

Rojas has failed to state a colorable claim for habeas corpus relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Rojas do not raise such concerns.

Rojas concedes that he is not eligible for mandatory supervised release. *See* ECF No. 1 at 5. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may

2

create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

For the foregoing reasons, the undersigned RECOMMENDS that the petition for writ of habeas corpus be DENIED.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed April 24, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE